IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| IsoNova Technologies LLC, | ) | Case No. 1:24-cv-97 |
| Plaintiff, | ) | |
| vs. | ) | Motion to Dismiss |
| David L. Rettig, | ) | (Rule 12(b)(1) & (7)) |
| Defendant. | ) | |

COMES NOW David L. Rettig ("Rettig"), who files this Motion to Dismiss the Complaint for Entry of Consent Judgment (the "Complaint") filed by IsoNova Technologies LLC ("IsoNova") and in support thereof states as follows:

I. IsoNova's Failure to Plead the Citizenship of its Members Compels Dismissal.

1. The Complaint should be dismissed for lack of subject-matter jurisdiction due to lack of complete diversity. Fed. R. Civ. P. 12(b)(1); 28 U.S.C. § 1332; Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (the Court must "be attentive to a satisfaction of jurisdictional requirements in all cases").

2. "In every federal case the [C]ourt must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006).

3. IsoNova is a limited liability company. E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members."); Cleek v. Ameristar Casino Kansas City, LLC, 47 F.4th 629, 635 (8th Cir. 2022) ("The State of an LLC's organization does not determine its citizenship; only the citizenship of the LLC's members is determinative.")

4. IsoNova's Citizenship Disclosure Statement recites that its principal place of business is in Missouri. However, IsoNova is not a corporation. Cf. 28 U.S.C. § 1332(c)(1) (providing that a *corporation's* citizenship includes its principal place of business). Though such disclosure statement reveals the identity of a member with a 50% interest, it does not disclose the members comprising the remaining 50% interest in IsoNova.

5. The Complaint does not plead the citizenship of its members. Because IsoNova does not recite the citizenship of its members, the Court cannot determine that it has subject-matter jurisdiction over the instant action. Accordingly, the Court should dismiss the Complaint.

II. <u>IsoNova's Failure to Join a Necessary Party Compels Dismissal</u>.

6. The Complaint should be dismissed for failure to join a necessary party. Fed. R. Civ. P. 12(b)(7).

7. "Under Rule 19, the district court must first decide whether an absent party is necessary to the action." <u>CRST Expedited, Inc. v. TransAm Trucking, Inc.</u>, 960 F.3d 499, 509 (8th Cir. 2020). "If the absent party is necessary but cannot be joined because joinder would defeat diversity, then the court must next 'determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'" <u>Id.</u> (citing Fed. R. Civ. P. 19).

8. When determining the necessity of a party, factors for the Court's consideration include:

> (1) the extent to which judgment rendered in the person's absence might prejudice that person or existing parties; (2) the extent to which any prejudice could be lessened or avoided; (3) whether a judgment rendered

3

in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Id.

9. OvaInnovation, LLC ("Debtor") is an obligor to IsoNova by virtue of the Settlement Agreement (as defined in the Complaint) and has filed bankruptcy. In re OvaInnovations, LLC, 3:24-bk-10663-tml (Bankr. W.D. Wis. 2024). The sale of the Debtor's assets will reduce the amount Rettig would owe to IsoNova. Without the Debtor, Rettig could be exposed to inconsistent obligations. The Debtor is necessary for the Court to provide complete relief. Fed. R. Civ. P. 19.

10. Because IsoNova failed to join the Debtor as a party to the instant action, and such party is a necessary party, the Complaint should be dismissed.

WHEREFORE the Defendant prays that the Court dismiss the Complaint, and provide for such other relief as is just, proper, and necessary under the circumstances.

Respectfully submitted,

AEGIS Law,

*Eric J Langston*

Eric J. Langston, AT0014001
Mailing: 601 S. Lindbergh Blvd.
         Frontenac, MO 63131
Physical: 222 Third Ave. SE
         Suite 501, Office 6
         Cedar Rapids, IA 52401
(319) 435-9793, Fax: (314) 454-9110
elangston@aegislaw.com
*Attorney for Defendant*

**Certificate of Service**
I certify that I caused the foregoing to be filed with the EDMS on October 14, 2024, and mailed, as necessary to those parties not registered with EDMS, via USPS first-class, postage fully prepaid.

*Eric J Langston*