IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ISONOVA TECHNOLOGIES LLC,<br><br>        Plaintiff,<br><br>v.<br><br>DAVID L. RETTIG,<br><br>        Defendant. | Case No. 1:24-cv-97<br><br>**RESISTANCE TO DEFENDANT'S MOTION TO DISMISS (ECF 12)** |

Plaintiff IsoNova Technologies LLC ("IsoNova") hereby provides its Resistance to Defendant David L. Rettig's ("Rettig") Motion to Dismiss (ECF 12). The Motion to Dismiss should be denied. There is complete diversity and IsoNova is not required to join the co-obligor.

## I. STANDARD ON MOTION TO DISMISS

On a motion to dismiss, the Court accepts the facts alleged in the complaint, "viewing them in the light most favorable to the plaintiff." *Davenport v. Farmers Ins. Grp.*, 378 F.3d 839, 841 (8th Cir. 2004). Courts correctly dismiss cases, claims, or parties only when "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (citations omitted).

Dismissal pursuant to Fed. R. Civ. P. 19 requires a different inquiry. When deciding whether a party should be joined, Rule 19 requires the Court to "first decide whether [the] absent party is necessary to the action." *CRST Expedited, Inc. v. TransAm Trucking, Inc.,* 960 F.3d 499, 509 (8th Cir., 2020) (citations omitted). A party is necessary under Rule 19(a) if the Court "cannot accord complete relief among existing parties," or if, in the party's absence, an existing party would be subjected to "inconsistent obligations." Fed. R. Civ. P. 19(a). After the Court determines that the absent party is necessary under Rule 19(a) and finds that the absent party "cannot be joined

because joinder would defeat diversity," then the Court must next determine whether the absent party is indispensable – *i.e.,* whether the action "should proceed among the existing parties or should be dismissed." *Id.*

## II. ARGUMENT

### A. There is Complete Diversity

The Motion to Dismiss first asserts that dismissal is appropriate because there is not complete diversity. (ECF 12, pp. 1-2) IsoNova is a citizen of Missouri, Delaware, and New Jersey. (ECF ***) Rettig is a citizen of Wisconsin. (ECF 11) Because there is complete diversity, this basis for dismissal fails.[1]

### B. OvaInnovations, LLC is Not a Necessary Party

Rettig also argues that dismissal is appropriate because IsoNova did not join a necessary party – OvaInnovations, LLC. (ECF 12, pp. 3-4) This argument also fails. OvaInnovations, LLC is not a necessary party because complete relief can be afforded without it and there is no threat of inconsistent obligations.

OvaInnovations, LLC is a co-debtor under the Settlement Agreement which is the subject of this action. Rettig and OvaInnovations, LLC are jointly and severally liable to IsoNova. (ECF 01-1, p. 8 (¶4(d)) IsoNova was not required to join OvaInnovations, LLC as "[a] plaintiff is under no requirement to join all parties who might be jointly and severally liable." *Bedel v. Thompson,* 103 F.R.D. 78, 81 (D.C.Ohio 1984) (citing *Delano v. Ives,* 40 F.Supp. 672 (E.D.Pa.1941); *Satink v. Holland Township,* 31 F.Supp. 229 (D.N.J.1940)). "Under federal law obligors who are jointly

---

[1] To the extent the Court believes the basis for jurisdiction should be contained in the Complaint, IsoNova should be granted leave to amend the Complaint to add the citizenship allegations from its Amended Citizenship Disclosure to the Complaint.

and severally liable are not indispensable parties to contract actions." *500 Fifth Ave., Inc. v. Crone,* 171 F.Supp. 707, 710 (D.C.Mo. 1959) (citations omitted).

Putting aside that OvaInnovations, LLC is not a necessary party under federal law, dismissal cannot be granted because Rettig failed to analyze (or even address) why dismissal is appropriate under Rule 19 and the factors discussed in *CRST Expedited.* Instead, he summarily argues that he would be subject to inconsistent obligations if OvaInnovations, LLC were not joined because the sale of OvaInnovations, LLC's assets in the OvaInnovations, LLC bankruptcy could reduce OvaInnovations, LLC's obligation to IsoNova. This argument is unavailing.

"[I]nconsistent obligations" as used in Rule 19(a)(1)(B)(ii) "occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Sykes v. Hengel,* 220 F.R.D. 593, 598 (S.D.Iowa 2004) (citations omitted). Rettig does not explain how an order in OvaInnovations, LLC's bankruptcy would be inconsistent with an order entered in this case. It is difficult to imagine how any such orders could be inconsistent given the nature of bankruptcy (to which Rettig is not a party) and the obligation at issue here. At best, Rettig appears to be arguing that a liquidation in OvaInnovations, LLC's bankruptcy might reduce his joint debt obligation. But the possibility of that reduction does not subject Rettig to "inconsistent obligations." This argument also ignores the realities of joint and several liability.

"[A]nytime a plaintiff does not join all possible defendants alleged to be jointly and severally liable, those parties who are joined suffer the risk of an inconsistent judgment result in a subsequent action for contribution or indemnification. Such is the nature of joint and several liability." *Bedel,* 103 F.R.D. at 81. To dismiss the action on the ground that OvaInnovations, LLC is indispensable would "deny a principal aspect of several liability." *Id.* (quoting *Field v. Volkswagenwerk Co.,* 626 F.2d 293, 301 (3d Cir.1980), *quoting* 3A Moore's *Federal Practice and*

*Procedure,* 19.071[2–2] at 149 n. 45)). As suggested in *Bedel*, a suit involving one but not all of the potential obligors is common. *See also Hedman, Gibson, Costigan & Hoare, P.C. v. Sullivan,* 775 F.Supp. 658, 659 (S.D.N.Y. 1991) (Plaintiff not required to join all co-obligors); *Colorado Nat. Bank of Denver v. Adventura Associates, L.P.,* 757 F.Supp. 1167, 1169 (D.Colo. 1991) (same). The solution is not dismissal of the Complaint – the solution would be to amend any judgment entered in this action to reflect credits arising from OvaInnovations, LLC's bankruptcy.

There is no basis upon which this Court could find that OvaInnovations, LLC is a necessary party. Even if it were deemed a necessary party under Rule 19(a), the Court should find that equity and good conscience do not require dismissal because no judgment rendered in OvaInnovations, LLC's absence will prejudice Rettig, a judgment entered without OvaInnovations, LLC will be adequate, and IsoNova would not have an adequate remedy as to Rettig if this action were dismissed. *See CRST Expedited*, 960 F.3d at 509.

### III. CONCLUSION

The basis for dismissal set forth in the Motion to Dismiss fail. The Motion, therefore, should be denied.

WHEREFORE IsoNova prays that the Court deny Rettig's Motion to Dismiss, and enter such other and further relief as the Court deems just and equitable.

///

Dated: October 18, 2024

ISONOVA TECHNOLOGIES LLC,
Defendant

By: */s/ Victoria H. Buter*
    Victoria H. Buter (AT0009169)
    vicki.buter@kutakrock.com
    Kutak Rock LLP
    The Omaha Building
    1650 Farnam Street
    Omaha, NE 68102-2103
    (402) 346-6000

    Anna M. Berman, KS No. 24519
    anna.berman@kutakrock.com
    Kutak Rock LLP
    Two Pershing Square
    2300 Main Street, Suite 800
    Kansas City, MO   64108-2432
    (816) 960-0090

4865-3168-0240.1
Case 1:24-cv-00097-CJW-KEM   Document 16   Filed 10/18/24   Page 5 of 5