IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| IsoNova Technologies LLC, | ) | Case No. 1:24-cv-97 |
| Plaintiff, | ) | |
| vs. | ) | Reply in Support of |
| David L. Rettig, | ) | Motion to Dismiss |
| Defendant. | ) | (Rule 12(b)(1) & (7)) |

COMES NOW David L. Rettig ("Rettig"), who files this Reply in Support of its Motion to Dismiss (the "Motion") the Complaint for Entry of Consent Judgment (the "Complaint") filed by IsoNova Technologies LLC ("IsoNova") and in support thereof states as follows:

1. IsoNova filed its Resistance (the "Resistance") to the Motion on October 18, 2024. [ECF No. 16].

A. **Complaint Itself Must State Facts Establishing Diversity.**

2. IsoNova bears the "burden to plead the citizenship of the parties in attempting to invoke diversity jurisdiction." Walker by Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997) (awarding attorney fees for failure to allege citizenship).

3. "In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity" the facts establishing diversity for a party." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "Where the plaintiff fails to state" such facts for a "party, the pleadings are inadequate to establish diversity." Id.

B. **Complaint's Lack of Facts Establishing Diversity Militates Dismissal.**

4. Presumably in response to the Motion, IsoNova filed an Amended Corporate Disclosure Statement and an Amended Citizenship Disclosure Statement. [respectively, ECF Nos. 14 and 15]. However, disclosure statements are not pleadings.

5. "IsoNova is a Delaware limited liability company." Complaint ¶1. However, the Complaint fails to recite the members of IsoNova. Cleek v. Ameristar Casino Kansas City, LLC, 47 F.4th 629, 635 (8th Cir. 2022) ("The State of an LLC's organization does not determine its citizenship; only the citizenship of the LLC's members is determinative.")

6. Because the Complaint does not recite the members of IsoNova, the pleadings are inadequate to establish diversity. Accordingly, the Complaint should be dismissed for failure to establish diversity.

## C. IsoNova's Failure to Move to Amend Supports Dismissal.

7. IsoNova filed amended disclosure statements. [ECF Nos. 14 and 15]. However, it did not move to amend its Complaint. Instead, IsoNova asserted it "should be granted leave to amend the Complaint to add the citizenship allegations from its Amended Citizenship Disclosure to the Complaint." Resistance at 2, fn. 1.

8. The disclosure statements are not pleadings upon which the Court can adjudicate the diversity of the parties. IsoNova clearly knew its efforts were deficient by virtue of its amendments to its disclosures. Without regard to judicial economy, IsoNova has not filed a motion to amend the Complaint. Without including the predicate requirements of such a motion, IsoNova asks the Court to blindly grant leave to amend.

9. For these reasons, the Complaint should be dismissed.

## D. IsoNova Resistance Lacks Any Support for its Position.

10. IsoNova's argument contending dismissal as inappropriate is four sentences. The first states the issue with a citation to the Motion. The second asserts

3

"IsoNova is a citizen of Missouri, Delaware, and New Jersey" and cites "ECF \*\*\*". It is unclear what IsoNova is citing. However, it is not the Complaint. The third asserts Rettig's citizenship, without citation to the Complaint. Cf. Complaint ¶2. The last sentence summarily concludes that "there is complete diversity." However, the preceding argument is not supported by allegations in the Complaint.

11. In particular, the Complaint does not state the members of IsoNova. Cleek, 47 F.4th at 635 (providing that a limited liability company's citizenship is determined by its members). The Court's adjudication of the Motion is restrained to the pleadings. Sanders, 823 F.2d at 216. IsoNova provides no context or reason *arising from the pleadings* upon which to support its claim of its citizenship.

12. For these reasons, the Complaint should be dismissed.

WHEREFORE Rettig prays that the Court dismiss the Complaint, and provide for such other relief as is just, proper, and necessary under the circumstances.

Respectfully submitted,

AEGIS Law,

*Eric J Langston*

Eric J. Langston, AT0014001
Mailing: 601 S. Lindbergh Blvd.
         Frontenac, MO 63131
Physical: 222 Third Ave. SE
         Suite 501, Office 6
         Cedar Rapids, IA 52401
(319) 435-9793, Fax: (314) 454-9110
elangston@aegislaw.com
*Attorney for Defendant*

**Certificate of Service**
I certify that I caused the foregoing to be filed with the CM/ECF on October 24, 2024, and mailed, as necessary to those parties not registered with CM/ECF, via USPS first-class, postage fully prepaid.
*Eric J Langston*